IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>PAT QUINN, S.A. GODINEZ, SARAH JOHNSON, LOUIS SHICKER, DEBBIE DENNING, JACLYN O'DAY, MARC HODGE, DR. PHIL MARTIN, CHARLES FASANO, LISA PRATHER, DENNIS LARSON, DR. J. FENOGLIO, ELAINE HARDY, PAMELA MORAN, BRANDON RISSE, and DOWNEN,<br><br>    Defendants. | Case No. 11-cv-899-JPG |

## MEMORANDUM AND ORDER

Plaintiff, currently released from custody, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at Lawrence Correctional Center. Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff suffered from severe pain while incarcerated and was denied adequate pain relief. Prior to his incarceration, plaintiff was hit by a city bus in Chicago. He suffered a fractured fibula and tibia and has multiple metallic fragments inside of his lower left leg. He also suffers from back pain and headaches. Prior to his incarceration, physicians prescribed him vicodin and codeine for his pain; however, medical staff at Lawrence would only give him ibuprofen.

Plaintiff complained of his pain to Dr. J. Fenoglio. After examining plaintiff and his medical records, Dr. Fenoglio prescribed ibuprofen to plaintiff. Despite his complaints to Dr. Fenoglio that he was still in pain, Dr. Fenoglio did not prescribe plaintiff a stronger pain

medication. Plaintiff was also treated by Nurse Practitioner Elaine Hardy, who also refused to prescribe a stronger pain medication to plaintiff.

Plaintiff claims that he forwarded his medical records and described his situation to Governor Pat Quinn, IDOC's Chief of Programs and Support Services Debbie Denning, and Acting Chief of Constituent Services Jaclyn O'Day, and they failed to act to remedy his situation. Further, the following defendants denied grievances plaintiff filed relating to his medical treatment: Director of Prisons S.A. Godinez, Administrative Review Board Member Sarah Johnson, Warden Marc Hodge, Grievance Officer Pamela Moran, Clinical Services Staff Member Brandon Risse, and Clinical Services Staff Member Downen. Finally, plaintiff alleges that he informed the following individuals, who had a supervisory capacity over medical staff, of his situation: Louis Shicker, Charles Fasano, Lisa Prather, and Dennis Larson

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against Defendants Quinn, Godinez, Johnson, Shicker, Denning, O'Day, Hodge, Martin, Fasano, Fenoglio, Hardy, Moran, Risse, and Downen for deliberate indifference to medical needs in violation of the Eighth Amendment.

Defendants Pat Quinn, Debbie Denning, and Jaclyn O'Day are dismissed from Count One with prejudice for the following reason: a Defendant is generally not liable for the misdeeds of others simply because he knew about them. "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). These defendants did not directly participate in plaintiff's medical treatment.

Defendants S.A. Godinez, Sarah Johnson, Marc Hodge, Pamela Moran, Brandon Risse, and Downen are dismissed from Count One with prejudice for the following reason: A

2

Defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id*. Plaintiff alleged that these defendants all played a role in denying his grievances pertaining to his medical treatment. However, these defendants did not directly participate in plaintiff's medical care.

Defendants Louis Shicker, Charles Fasano, Lisa Prather, and Dennis Larson, are dismissed from Count One with prejudice for the following reason(s): The doctrine of *respondeat superior* is not applicable to § 1983 actions, and there is no allegation the defendant was personally responsible for the alleged wrong. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). These defendants, as alleged by plaintiff, were only involved in his medical care in a supervisory capacity over the doctor and nurse practitioner.

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**: Pat Quinn, Debbie Downing, Jaclyn O'Day, S.A. Godinez, Sarah Johnson, Marc Hodge, Pamela Moran, Brandon Risse, Downen, Louis Shicker, Charles Fasano, Lisa Prather, and Dennis Larson

The following defendants remain in the instant action: Dr. J. Fenoglio and Elaine Hardy.

The Clerk of Court shall prepare for defendants Dr. J. Fenoglio and Elaine Hardy: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that

defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 27, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**