IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MOORE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|     vs. | )   Case No. **3:11-cv-00899-JPG-PMF** |
| | ) |
| PAT QUINN, *et al.*, | ) |
| | ) |
|        Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Elaine Hardy's (Doc. 31) motion for summary judgment. Plaintiff Robert Moore has not responded to the motion. For the following reasons, it is recommended that the Defendant Hardy's (Doc. 31) motion for summary judgment be granted.

### I.    FACTS

Plaintiff Robert Moore was incarcerated at Lawrence Correctional Center ("Lawrence") and Hill Correctional Center ("Hill") at the time allegations in the complaint arose. Lawrence and Hill are correctional facilities under the control of the Illinois Department of Corrections ("IDOC"). Moore has since been released from prison and resides in Chicago, Illinois. *See* Doc. 11. On August 27, 2012, the Court summarized the relevant allegations of the (Doc. 1) complaint as follows:

> Plaintiff claims that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff suffered from severe pain while incarcerated and was denied adequate pain relief. Prior to his incarceration, plaintiff was hit by a city bus in Chicago. He suffered a fractured fibula and tibia and has multiple metallic fragments inside of his lower left leg. He also suffers from back pain and headaches. Prior to his incarceration, physicians prescribed him vicodin and codeine for his pain; however, medical staff at Lawrence would only give him ibuprofen.

1

> Plaintiff complained of his pain to Dr. J. Fenoglio. After examining plaintiff and his medical records, Dr. Fenoglio prescribed ibuprofen to plaintiff. Despite his complaints to Dr. Fenoglio that he was still in pain, Dr. Fenoglio did not prescribe plaintiff a stronger pain medication. Plaintiff was also treated by Nurse Practitioner Elaine Hardy, who also refused to prescribe a stronger pain medication to plaintiff.
>
> Plaintiff claims that he forwarded his medical records and described his situation to Governor Pat Quinn, IDOC's Chief of Programs and Support Services Debbie Denning, and Acting Chief of Constituent Services Jaclyn O'Day, and they failed to act to remedy his situation. Further, the following defendants denied grievances plaintiff filed relating to his medical treatment: Director of Prisons S.A. Godinez, Administrative Review Board Member Sarah Johnson, Warden Marc Hodge, Grievance Officer Pamela Moran, Clinical Services Staff Member Brandon Risse, and Clinical Services Staff Member Downen. Finally, plaintiff alleges that he informed the following individuals, who had a supervisory capacity over medical staff, of his situation: Louis Shicker, Charles Fasano, Lisa Prather, and Dennis Larson.

Doc. 12 at 1-2.

## II. PROCEDURAL HISTORY

On October 4, 2011, Moore filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against 16 named Defendants, including Defendant Elaine Hardy. On August 27, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 12. In that order, the Court dismissed 13 defendants. *See id*. The Court also ruled that Moore's deliberate indifference to serious medical needs claim against three defendants, including Defendant Hardy, warranted further consideration. *See id*.

On February 5, 2013, Defendant Hardy filed the instant motion for summary judgment claiming that Moore failed to properly exhaust his administrative remedies with regard to the claims against her. *See* Doc. 31. A notice warning the *pro se* Plaintiff of the consequences of failing to respond to motion for summary judgment (Doc. 33) was also filed in compliance with the law of this Circuit. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996); *see also Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Moore did not file anything within the allowable

window for a response to the motion.  The Court then issued an order directing Moore to show cause why judgment should not be entered for Hardy.  *See* Doc. 34.  Moore did not respond to the order to show cause.

### III.  DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...".  FED. R. CIV. P. 56(c)(1)(A).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).  The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.

2006). The IDOC has a three-step process that prisoners under their jursidiction are required to follow in order to exhaust administrative remedies. *See* 20 Ill.Admin.Code § 504.800 *et seq*.

Hardy has submitted evidence with her (Doc. 31) motion for summary judgment indicating that Moore failed to properly exhaust his administrative remedies with regard to his remaining claim against her. *See* Docs. 32-1, 32-2. Hardy was employed as a nurse in the IDOC prison system during the relevant allegations of Moore's complaint. There are two relevant grievances concerning Moore's medical treatment for pain relief after being involved in a bus accident prior to incarceration. In the first grievance dated May 9, 2011, there is no mention of a complaint regarding nursing care. *See* Doc. 32-1 at 3-4. Nursing care is mentioned in the second grievance dated August 5, 2009, but Hardy is not named. *See* Doc. 32-2. Even if she had been named or sufficiently described, the August 9 grievance is procedurally flawed in that Moore failed to file the grievance in the permissible 60-day timeframe under IDOC rules. *See id*. at 1-2. *See also* 20 Ill.Admin.Code § 504.810.

Moore has failed to file a response to the instant motion despite being repeatedly warned of the consequences for such a failure. In this situation, summary judgment is appropriate for the moving party. *See* FED. R. CIV. P. 56(e) (the failure to support or properly address a fact may be grounds to consider a fact undisputed or summary judgment may be granted if the facts show that the movant is so entitled); *see also* SDIL-LR 7.1(c) (The lack of response to a motion for summary judgment may be construed as admission on the merits of the motion). The undisputed facts, here, show that Moore failed to properly exhaust his administrative remedies with regard to Defendant Hardy.

## IV. RECOMMENDATION

For the forgoing reasons, it is recommended that Defendant Elaine Hardy's (Doc. 31) motion for summary judgment be granted as follows:

It is recommended that Defendant Elaine Hardy be dismissed from this case.

If this Report and Recommendation is adopted in its entirety, Count 1 will continue against Defendants Dr. J Fenoglio and Dr. Phil Martin.

SO RECOMMENDED.

DATED: April 8, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE